## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

John Paul Rowan,

      Plaintiff,

vs.

Geyer Morris Company, LLC; Geyer Capital Management, LLC, and Mark Steward Geyer in his individual capacity,

      Defendants.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff John Paul Rowan by its undersigned counsel, Dentons US LLP, files this Complaint against Defendants Geyer Morris Company, LLC; Geyer Capital Management, LLC, and Mark Steward Geyer averring as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendant Geyer Morris Company, LLC ("Geyer Morris Company") is a Texas limited liability company doing business in Fulton County, Georgia.

2. Service of process may be made upon Geyer Morris Company through its registered agent, HRE Real Estate Services, Inc., 1635 Old 41 Highway NW, Suite 112-200, Kennesaw, Georgia, 30152.

3. Defendant Geyer Capital Management, LLC ("Geyer Capital") is a Texas limited liability company doing business in Fulton County, Georgia.

4. Service of process may be made upon Geyer Capital through its registered agent, HRE Real Estate Services, Inc., 1635 Old 41 Highway NW, Suite 112-200, Kennesaw, Georgia, 30152.

5. Defendant Mark Stewart Geyer is an individual who is a resident and citizen of the State of Texas.

6. Plaintiff is a resident of Chatham County, Georgia.

7. This Court also has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because it involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest, and the parties are diverse.

8. The Court has personal jurisdiction over Defendants because they have transacted business in this state, and have agreed to such jurisdiction pursuant to the Settlement Agreement at issue.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claim occurred in this district.

2

## FACTUAL BACKGROUND

10.     Plaintiff and Defendants entered into an agreement for certain work to be completed on approximately April of 2021.

11.     In November of 2022, that working relationship dissolved due to Defendants' non-payment for work performed.

12.     On December 12, 2022, Geyer Morris Company, Geyer Capital, and Plaintiff entered into a settlement agreement related to Defendants' non-payment in the amount of $226,000.  *See* Exhibit A, Settlement Agreement.

13.     Geyer Morris Company and Geyer Capital were to pay Plaintiff (1) $113,000 by December 17, 2022, and (2) $113,000 on or before January 6, 2023.

14.     Mr. Geyer failed to send the first payment timely, sending it on December 20, 2022.

15.     Defendants have since failed to make a second payment after multiple attempts to collect that amount by Plaintiff.

16.     Mr. Geyer capitalizes, finances, owns, has sole control over and manages both Geyer Morris Company and Geyer Capital and its operations and finances to the extent that he is the alter-ego of Geyer Morris Company and Geyer Capital.

US_ACTIVE\123084411\V-1

17.     Specifically, on July 7, 2022, Mr. Geyer admitted that he moves money around from company to company and through his personal accounts in an attempt to cover the different debts of the three Defendants.

18.     On September 1, 2022, Mr. Geyer admitted that he is moving the funds from his other accounts to cover the debts owed to Plaintiff.

19.     On December 19, 2022, Mr. Geyer admitted that he personally sent the first settlement payment owed by the other two Defendants.

## COUNT ONE

### BREACH OF SETTLEMENT AGREEMENT

20.     Plaintiff hereby incorporates by reference and repleads the allegations of paragraphs 1 through 19 of this Complaint as if same were fully set forth herein.

21.     Defendants entered into a valid contract—the Settlement Agreement—with Plaintiff.

22.     Defendants failed to make payments as required under the Settlement Agreement.

23.     Defendants thus willfully breached the Settlement Agreement.

24.     As a direct and proximate result of Defendants' willful breach of the Settlement Agreement, Plaintiff has suffered, and continues to suffer, actual damages in an amount to be proven at trial.

## COUNT TWO

## ATTORNEY'S FEES AND EXPENSES

25.     Plaintiff hereby incorporates by reference and repleads the allegations of paragraphs 1 through 24 of this Complaint as if same were fully set forth herein.

26.     Pursuant to Paragraph 11 of the Settlement Agreement, Defendants are responsible for all reasonable attorneys fees expended by Plaintiff in enforcing the Settlement Agreement.

27.     Additionally, Defendants have acted in bad faith, been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense by failing to perform its obligation under the terms of the Agreement.

28.     Accordingly, Plaintiff is entitled to recover from Defendants the expenses of litigation, including attorneys' fees, in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

(1)     Judgment in favor of Plaintiff and against Defendants for damages in an amount to be shown at trial;

(2)     Judgment in favor of Plaintiff and against Defendants for the expenses of litigation, including attorney's fees, in an amount to be shown at trial; and

(3)     Such other and further relief in favor of Plaintiff and against Defendants as the Court deems just and proper.

US_ACTIVE\123084411\V-1

This 10th day of February, 2023.

Respectfully submitted,

_/s/ Sarah E. Trevino_ _____

Steven J. Labovitz
Georgia Bar No: 431025
Sarah E. Trevino
Georgia Bar No.: 660094
Leanne Sunderland
Georgia Bar No.:  351965
DENTONS US LLP
303 Peachtree Street, N.E., Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-8849
Email: steve.labovitz@dentons.com
        sarah.trevino@dentons.com
        leanne.sunderland@dentons.com


_Attorneys for Plaintiff_

6

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to L.R. 5.1B and 7.1D of the Northern District of Georgia, that the foregoing **COMPLAINT** complies with the font and point selections approved by this court in L.R. 5.1B.  This pleading was prepared using 14-point Times New Roman Font.

/s/ *Sarah E. Trevino*
Sarah E. Trevino
Georgia Bar No. 660094